# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ALVIN WILSON, JR.,
　　　　　　Appellant,

　　　　v.

DEPARTMENT OF AGRICULTURE,
　　　　　　Agency.

DOCKET NUMBER
CH-0432-14-0835-C-2

DATE: December 20, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Antonio Burnett, Sr.</u>, Florissant, Missouri, for the appellant.

<u>Darlene Benion</u>, Saint Louis, Missouri, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the compliance initial decision, which denied his petition for enforcement of a settlement agreement resolving his removal appeal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to: (1) clarify the basis for finding that the agency did not breach the settlement agreement based on its submission of a Disability Retirement Application Checklist to the Office of Personnel Management (OPM); (2) address the appellant's argument, raised below, that the agency breached the settlement agreement by providing OPM with copies of forms pertaining to his disability retirement application, rather than originals; and (3) address the parties' responses to the Board's September 29, 2016 Order to Show Cause, we AFFIRM the initial decision.

## BACKGROUND

¶2      The appellant filed a Board appeal challenging his removal from his position as a Processor with the agency's Rural Housing Service. *Wilson v. Department of Agriculture*, MSPB Docket No. CH-0432-14-0835-I-1, Initial Appeal File (IAF), Tab 1 at 3, 7-8, 41. While the appeal was pending, on February 25, 2015, the parties entered into a settlement agreement, which resolved both the appellant's Board appeal and two equal employment opportunity (EEO) complaints that he filed. IAF, Tab 9 at 3-7. Pursuant to the terms of the settlement agreement, in pertinent part, the agency agreed to allow the appellant to resign, effective the date that he was removed, and to support his

disability retirement application. *Id*. at 3. However, the settlement agreement specified that the definition of "support" was limited to: (1) certifying to OPM on a Standard Form 3112B (SF-3112B) and Standard Form 3112D (SF-3112D) that the agency was unable to accommodate the appellant's disability; (2) completing a neutral supervisory statement in conformance with a sample attached to the settlement agreement; and (3) providing any other documentation requested by OPM. *Id*. The settlement agreement required the agency to "provide such support directly to the [appellant]" within 21 working days of the effective date of the agreement. *Id*.

¶3    The administrative judge entered the settlement agreement into the record for enforcement purposes and dismissed the appeal as settled. IAF, Tab 10, Initial Decision (ID). Neither party filed a petition for review of the initial decision, which became final on April 24, 2015. ID at 2; *see* 5 C.F.R. § 1201.113.

¶4    Approximately 6 months later, on November 10, 2015, the appellant filed a petition for enforcement, in which he alleged that the agency breached the settlement agreement when it: (1) told an unspecified prospective employer that he had been removed; (2) failed to timely provide OPM with a Disability Retirement Application Checklist, a form not specifically identified in the settlement agreement; (3) provided forms and documents directly to him, rather than to OPM; and (4) provided him with copies of documents and forms, rather than originals, when originals were allegedly required by OPM.[2] *Wilson v.*

---

[2] Before the initial decision dismissing his appeal as settled became final, the appellant also filed a prior petition for enforcement, in which he alleged that agency had failed to timely provide him with a $5,000.00 lump sum payment required by the settlement agreement. *Wilson v. Department of Agriculture*, MSPB Docket No. CH-0432-14-0835-C-1, Compliance File (C-1 CF), Tab 1 at 3. The administrative judge denied that petition for enforcement, and that compliance initial decision became final on June 22, 2015, when neither party filed a petition for review. *Wilson v. Department of Agriculture*, MSPB Docket No. CH-0432-14-0835-C-1, Compliance Initial Decision at 3-4 (May 18, 2015); C-1 CF, Tab 8 at 3-4.

*Department of Agriculture*, MSPB Docket No. CH-0432-14-0835-C-2, Compliance File (C-2 CF), Tab 1 at 1, 6, Tab 4 at 1, Tab 11 at 1, Tab 12 at 2, Tab 20 at 2.

¶5    In response to the petition for enforcement, the agency denied that it had breached the settlement, and provided evidence pertaining to its compliance with the agreement.  C-2 CF, Tabs 9, 15, 19.  Among other things, the agency submitted evidence that it mailed an SF-3112B and SF-3112D and supporting documentation, including the supervisory statement, to the appellant within 21 working days of the effective date of the settlement agreement, and that on October 22, 2015, more than 235 days after the effective date of the settlement agreement, it submitted a Disability Retirement Application Checklist to OPM on the appellant's behalf.[3]  C-2 CF, Tab 9 at 7, 16-58, Tab 15 at 5, 9.

¶6    Without holding the appellant's requested hearing, C-2 CF, Tab 1 at 4, the administrative judge issued a compliance initial decision finding that the appellant did not establish that the agency breached the settlement agreement, C-2 CF, Tab 21, Compliance Initial Decision (CID).  She found that the appellant failed to meet his burden of proving that the agency breached the settlement agreement by informing a prospective employer that he had been removed.[4]  CID at 4-5.  Regarding the appellant's claims pertaining to his disability retirement application, the administrative judge found the settlement agreement did not require the agency to fill out all forms on the appellant's behalf, and that the agency had fulfilled its obligations under the settlement agreement when it

---

[3]  However, the agency represented that, in April 2016, an agency Benefits Representative contacted OPM regarding the appellant's disability retirement application and was informed that OPM had not received the Disability Retirement Application Checklist.  C-2 CF, Tab 15 at 5.

[4] The appellant does not challenge this finding on review, and we discern no reason to disturb it.  *See* Petition for Review File, Tabs 1, 7.

completed the SF-3112B, SF-3112D, and supervisory statement specified in the agreement and sent them to the appellant.[5]  CID at 3.

¶7    The appellant has filed a petition for review of the compliance initial decision, and the agency has responded to the petition for review.  Petition for Review (PFR) File, Tabs 1, 3.  The agency failed to respond to the appellant's allegation, either below or on review, that the agency breached the settlement agreement by providing copies of documents and forms when OPM allegedly required originals.  C-2 CF, Tabs 9, 15; PFR File, Tab 3.  In addition, the agency did not explain why it decided to send the Disability Retirement Application Checklist to OPM on the appellant's behalf on October 22, 2015.  PFR File, Tab 3; C-2 CF, Tabs 9, 15.  Therefore, on September 29, 2016, the Board issued a show cause order directing the agency to submit additional evidence and argument regarding these issues.  PFR File, Tab 5.  The Board afforded the appellant an opportunity to respond to the agency's submissions.  *Id*.  Both parties timely responded to the show cause order.  PFR File, Tabs 6-7.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶8    For the first time on review, the agency submits a letter from OPM to the agency, dated April 25, 2016, which informed the agency that OPM had approved the appellant's disability retirement application.[6]  PFR File, Tab 3 at 15-16.  On review, the appellant solely challenges the administrative judge's findings regarding the provisions of the settlement agreement pertaining to his disability retirement application, and therefore, OPM's letter raises the issue of whether the appellant's petition for enforcement is now moot.  *See Mascarenas v. Department*

---

[5] She further found that the agency provided support above and beyond that required by the agreement when it submitted the Disability Retirement Application Checklist to OPM on the appellant's behalf on October 22, 2015.  CID at 3.

[6] The agency fails to explain why it did not provide this evidence below, when the letter was stamped as received by the agency more than a month before the compliance initial decision was issued.  PFR File, Tab 3 at 15-16; CID at 1.

*of Defense*, 60 M.S.P.R. 320, 323 (1993) (finding that a petition for enforcement will be dismissed as moot when the moving party has been afforded all of the relief that he could have obtained in a successful compliance proceeding); *see also Bables v. Department of the Army*, 86 M.S.P.R. 171, ¶ 20 (2000) (dismissing a petition for enforcement as moot when there was no further remedy that the Board could provide for an appellant).  However, because the appellant has made conflicting representations on review regarding whether he seeks to enforce or rescind the settlement agreement based on the agency's alleged breach, we do not dismiss the petition for enforcement as moot, but instead, will consider whether the administrative judge correctly found the agency to be in compliance with the settlement agreement.[7]  PFR File, Tab 1 at 1, Tab 7 at 1; C-2 CF, Tab 4 at 1‑2; *see Kitt v. Department of the Navy*, 116 M.S.P.R. 680, ¶ 12 (2011) (finding that when one party commits a material breach of a settlement agreement, the other party is entitled to either enforce the settlement agreement or to rescind it and to reinstate his appeal).

¶9      A settlement agreement is a contract, and the Board therefore will adjudicate a petition to enforce a settlement agreement in accordance with contract law.  *Allen v. Department of Veterans Affairs*, 112 M.S.P.R. 659, ¶ 7 (2009), *aff'd*, 420 F. App'x 980 (Fed. Cir. 2011).  When, as here, an appellant

---

[7] Specifically, in his petition for review, as he did below, the appellant asserts that he seeks to rescind the settlement agreement based on the agency's alleged breach.  PFR File, Tab 1 at 1; C-2 CF, Tab 4 at 1-2.  However, in his response to the show cause order, the appellant states that he does not want to rescind the settlement agreement.  PFR File, Tab 7 at 1.  Instead, among other things, he contends that he seeks monetary damages for the agency's alleged breach, a remedy that the Board would have no authority to order.  PFR File, Tab 7 at 1; *see Smith v. Department of the Army*, 72 M.S.P.R. 676, 679 (1996) (finding that the Board lacks authority to award damages for breach of a settlement agreement).  He also states that he wishes to reinstate his EEO complaints, which he withdrew pursuant to the settlement agreement.  PFR File, Tab 7 at 1; *see* IAF, Tab 9 at 5; *see also Kitt v. Department of the Navy*, 116 M.S.P.R. 680, ¶ 12 (2011) (finding that if a settlement agreement is rescinded, the settlement terms become inoperative, and the parties are essentially restored to the status quo ante).

alleges noncompliance with a settlement agreement, the agency must produce relevant, material, and credible evidence of its compliance with the agreement. *Id.* The ultimate burden, however, remains with the appellant, as the party seeking enforcement, to prove breach by a preponderance of the evidence. *Id.*

¶10   On review, the appellant reiterates his argument, raised below, that the agency breached the settlement agreement by providing the SF-3112B, SF−3112D, and supporting documentation to him rather than directly to OPM. PFR File, Tab 1 at 1, Tab 7 at 1; C-2 CF, Tab 4 at 1, Tab 11 at 1. The settlement agreement stated that the agency would provide the "support" defined by the agreement "directly to the [appellant]." IAF, Tab 9 at 3. Therefore, we agree with the administrative judge that the agency did not breach the settlement agreement by sending the SF-3112B, SF-3112D, and supporting documentation to the appellant, rather than to OPM. CID at 3.

¶11   The appellant also repeats his argument that the agency breached the settlement agreement when it failed to provide the Disability Retirement Application Checklist to OPM within 21 working days of the effective date of the settlement agreement. PFR File, Tab 7 at 1; C-2 CF, Tab 4 at 1. We agree with the administrative judge that the settlement agreement did not require the agency to fill out all forms on the appellant's behalf, CID at 3, but instead, set forth a limited definition of the "support" that the agency was required to provide regarding the appellant's disability retirement application, IAF, Tab 9 at 3. However, in addition to the SF-3112B, SF-3112D, and supervisory statement, the definition of "support" in the settlement agreement also required the agency to provide "any other documentation requested by OPM." *Id.* The settlement agreement further stated that the agency would provide the "support" defined by the agreement within 21 working days of the effective date of the agreement. *Id.*

¶12   In response to the show cause order, the agency submitted evidence that, on September 15, 2015, 202 days after the effective date of the settlement agreement, the agency received a letter from OPM, dated 6 days earlier, which

requested that the agency provide OPM with a Disability Retirement Application Checklist for the appellant. PFR File, Tab 6 at 12. On October 21, 2015, a Human Resources Assistant with the agency forwarded OPM's letter to an agency Benefits Representative, *id.* at 6, 11, and a day later, the Benefits Representative submitted the Disability Retirement Application Checklist to OPM, C-2 CF, Tab 15 at 5, 9. The agency explains that it sent the Disability Retirement Application Checklist to OPM, rather than to the appellant, because the September 15, 2015 letter from OPM instructed it to do so. PFR File, Tab 6 at 6, 12.

¶13      The provisions of a settlement agreement must be read "as part of an organic whole, according reasonable meaning to all of the contract terms" to identify and give weight to the "spirit" or essence of the agreement as intended by the parties. *Allen*, 112 M.S.P.R. 659, ¶ 17 (quoting *Lockheed Martin IR Imaging Systems, Inc. v. West*, 108 F.3d 319, 322 (Fed. Cir. 1997)). The Board will give a reasonable interpretation to the terms of the agreement to carry out the parties' intentions and to avoid absurd results. *Donahue v. U.S. Postal Service*, 94 M.S.P.R. 488, ¶ 12 (2003). To the extent that the settlement agreement required the agency to provide documentation that OPM requested more than 21 days after the effective date of the settlement agreement, we find that by transmitting the Disability Retirement Application Checklist to OPM within 37 days of receiving OPM's request, the agency acted within a reasonable time under the circumstances. *See Mincey v. U.S. Postal Service*, 91 M.S.P.R. 247, ¶ 11 (2002) (finding that when a settlement agreement is silent as to the time of performance, a reasonable time under the circumstances will be presumed). Thus, we affirm the administrative judge's finding that the appellant failed to establish that the agency breached the settlement agreement based on its submission of the Disability Retirement Application Checklist to OPM, as modified to clarify the basis for this finding. CID at 3.

¶14      Finally, on review, the appellant repeats his argument that the agency breached the settlement agreement by providing him with copies of documents and forms, rather than the originals, when originals were allegedly required by OPM.  PFR File, Tab 1 at 1, Tab 7 at 1; C-2 CF, Tab 11 at 1, Tab 12 at 2.  The administrative judge did not address this argument in the compliance initial decision, and the settlement agreement is silent as to whether copies or originals of the forms and supporting documentation are required.  CID; IAF, Tab 9 at 3-7.

¶15      In response to the show cause order, the agency presented evidence that OPM required original forms and documents with signatures, and that the agency provided original forms and documents with signatures.  PFR File, Tab 6 at 5-7, 10.  The appellant has not provided any evidence to support his assertion to the contrary.  PFR File, Tab 7; C-2 CF, Tabs 1, 4, 11, 20; *see Allen*, 112 M.S.P.R. 659, ¶ 7 (finding that, as the party seeking enforcement, the appellant bears the burden of proving breach by a preponderance of the evidence).  Accordingly, we modify the compliance initial decision to find that, even assuming that the settlement agreement required the agency to provide original forms and documents, the appellant failed to prove that the agency breached the settlement agreement by failing to do so.

¶16      Accordingly, for the reasons discussed above, we affirm the compliance initial decision as modified herein.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                          _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.